UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WONZA JACKSON                                               CIVIL ACTION

VERSUS                                                      NO. 14-2974

CAROLYN W. COLVIN, ACTING                                   SECTION "S" (2)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## FINDINGS AND RECOMMENDATION

Plaintiff Wonza Jackson, who is currently proceeding pro se, filed this complaint in this court on December 30, 2014, with the assistance at that time of retained counsel. Her complaint seeks judicial review pursuant to Section 405(g) of the Social Security Act. Record Doc. No. 1. Defendant filed an answer to the complaint on March 31, 2015. Record Doc. No. 9. Thereafter, I issued a scheduling order requiring that Jackson file a memorandum of facts and law in support of her case no later than April 15, 2015. Record Doc. No. 11.

On April 2, 2015, plaintiff's then-counsel of record filed a motion to withdraw as plaintiff's representative. Record Doc. No. 12. The motion was supported in part by copies of two letters: one from Jackson herself advising counsel "that I am no longer in need of your services in my claim for Social Security disability benefits;" and the second from another lawyer, who apparently had been retained by plaintiff, requesting that the original lawyer for plaintiff send her (the second lawyer) "a note on your letterhead waiving a fee for any work you did in this case." Record Doc. No. 12-1.

Because Jackson had clearly fired her original lawyer, I granted the motion of her then-counsel of record to withdraw. Record Doc. No. 13. Because no new counsel for plaintiff was substituted to represent her, and no new lawyer separately filed a motion to enroll to assume plaintiff's representation, I ordered plaintiff herself to appear before me in person on April 29, 2015, to discuss the matter of her future representation. Record Doc. No. 14. My order specifically advised Jackson "that failure to appear as ordered may result in dismissal of her case." Id.

The order was mailed electronically to plaintiff by the Clerk of Court to the address provided by her former counsel in the motion to withdraw. The record provides no indication that it was not received, and it has not been returned to the court in the United States mail as undeliverable. Jackson failed to appear in court as ordered at the time of the hearing on April 29, 2015, and has made no effort to contact the court. In addition, she failed to file a memorandum as ordered by the court by the previously set April 15, 2015 deadline.

In an additional effort to clarify the status of Jackson's representation, a member of my staff telephoned the second lawyer, who had requested by letter that the original lawyer waive any fee, to determine if the second lawyer intended to represent plaintiff in this matter. The second lawyer advised that she had been retained by Jackson to pursue a new Social Security claim on plaintiff's behalf and that she would not be enrolling to represent Jackson in her appeal of the previous Social Security decision that is the subject of this case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  <u>Robinson v. Home Depot USA Inc.</u>, 478 F. App'x 820, 823-24 (5th Cir. 2012); <u>Holden v. Simpson Paper Co.</u>, 48 F. App'x 917, 2002 WL 31115137, at *1 (5th Cir. Sept. 18, 2002); <u>Hulsey v. Tex.</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas Cnty. Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987).

Jackson failed to file her court-ordered brief by April 15, 2015.  She also failed to comply with the court's April 7, 2015, order to appear in person and report on the status of her representation.  No new counsel has enrolled to represent her, and her more recently retained counsel has advised that a new claim is being pursued.  These actions by plaintiff herself clearly reflect a continuing failure on her part to prosecute.

In a final effort to provide Jackson with an opportunity to file the necessary memorandum or to otherwise show cause why this complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge.  Plaintiff is advised that she may object to these Findings and Recommendation within fourteen (14) days from the date she is served with this report.  Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.  It is suggested to plaintiff that

the objection should contain a short summary of the reasons why she failed to comply with the court's previous orders.

Jackson is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of her suit.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's findings and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation or the memorandum concerning her claims, as previously ordered, this case be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this _____1st_____ day of May, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.